Bigger, J.
Tbe case is submitted to the court upon the evidence. The petition sets forth a note for $2,100, signed by the defendants Coe and Hendrickson, and executed on the 8th day of May, 1900, as a first cause of action. For a second cause of action the plaintiff sets forth two deeds executed by defendant Coe and wife to Lucy P. Hendrickson, dated August 18th and 19th, 1899. and alleging that the deeds were executed in trust to secure the note set out in the first cause of action, and stating that the note was made at the date of the execution of the deeds.
The defendant, Lucy P. Hendrickson, in substance states in her answer that the averment of the petition as to the execution of the deeds having been made in trust to secure the payment of'plaintiff’s note is not true, but that it was made in trust to secure the payment of $1,580.89 loaned by her to Coe at the time of the execution of the deeds.
Coe, answering the petition,' admits his indebtedness on the note sued on and also the averments of the second cause of action with reference to the deeds being executed in trust to secure the payment of plaintiff’s note. He also by cross-petition states that he executed the deeds in trust to his sister to secure the plaintiff’s note and that she has collected the rents from the property while in her hands, which she was to apply to certain incumbrances thereon, and that since her husband’s death she *150 has not so applied them, and asks for an accounting, and also asks that the property be sold in accordance with the prayer of plaintiff’s petition.
Lucy P. Hendrickson answers his cross-petition denying the averments as to the nature of the trust created, and setting out that it was to secure a loan from herself to Coe.
The evidence is very conflicting and unsatisfactory. The transaction to which the evidence relates occurred seven or eight years ago and it is natural to expect that it should have largely faded from the memory of the witnesses, but as between Coe and his sister there must be something more than a want of memory as to one or the other of them.
Mrs. Hendrickson admits, however, that it was a trust to repay the money which the deed recites was received from her, which reduces it to a mortgage in her hands. But the claim of the plaintiff, who has not appeared to testify, and Coe, who has testified in the case, is that it was not money received from Mrs. Hendrickson at all, and that she never furnished any money whatever.
At the time the' deeds were executed there were present Mr. Hendrickson, the husband of Lucy P. Hendrickson, Mr. Castle, Mr. E.-N. Huggins and Coe. Not one of these witness was able to make any clear statement as to What was said, or by whom, upon that occasion. Mr. E. N. Huggins says that he understood ■ — using his language — that security was given for money which came from one Nettie Thomas. He further states that it was stated that it did not come from Mr. or Mrs. Hendrickson. He does not undertake to say who said it or who were present or heard that statement. Clearly that evidence can not be competent as against the claim of Mrs. Hendrickson upon any principle of evidence of which I have any knowledge. Mr. Castle says that Mr. Hendrickson stated that it was Mrs. Thomas’ money, and Coe says that Hendrickson told him he was going to get the money from Mrs. Thomas, but how can such statements be competent against Mrs. Hendrickson on her claim that she furnished the money? This question was asked by counsel representing Mrs. Hendrickson in his brief, and has not *151 been answered. It is true the statements of an agent made in course of the transaction of business entrusted to him by his principal binds the principal, but if he said it was the money of Mrs. Thomas, that was simply a disclaimer of his agency for his wife. If that be true, then-of course he was not the agent for his wife and that principle will not apply. I know óf no principle of evidence upon which the statements of anyone made there are competent evidence against Mrs. Hendrickson’s claim that she furnished the money. Mrs. Hendrickson testifies she loaned the money to her brother;, this he positively denies. The deed recites that it came from her. No person who is a party to this suit, except Mrs. Hendrickson, claims to have furnished this money. If someone else furnished it why was not such person made a party to the suit, or at least called as a witness? It was, I believe, said that Mrs. Thomas was sick at the time of the 'trial, but that was a long while after this question had been raised by the pleadings. If this money was not furnished by Mrs. Hendrickson, why should Coe rely simply upon his denial that the money came from her, to do which he must dispute the recital of his own deed? He admits the deed was to secure the amount named in it of $1,580.87, but also claims that it was to secure the note sued on. That being the ease, why does he not support his denial by showing bj^ competent evidence who he does owe. -No explanation has been made of this failure to produce evidence which would be competent. Mrs. Thomas might testify. If it was paid by check, the check would be competent evidence upon proof of Mrs. Thomas’ signature, or proof that someone else acting as her agent or representative drew such check payable to or for Coe. If paid in currency it might be shown that such sum was drawn from'her bank account, or in some way it would seem that proof might be found to support the denial of Coe that his sister furnished the money. Certainly something more is required than his denial in the face of her testimony and the recital of his own deed. There is no other competent evidence in the ease than his denial offered to dispute her claim which is supported by the deed.
*152 But there are other considerations in the case aside from this. The plaintiff alleges in his petition that the note sued on was executed and delivered to Stillwagon for money loaned to the defendant Coe at the time of the execution and delivery of the note, and that Coe was - principal upon the note and Hendrickson surety, and that the deeds were executed to save Hendrickson harmless as surety upon that note.
Coe by his answer expressly admits that the note was given for money loaned to Coe at the time of the execution and delivery of the note. But the proof shows the note was not executed for about nine months after these deeds were executed.
Upon the trial evidence was offered and received subject to objection that this note was given in renewal of another note, and not'for money loaned at the time of its execution. This evidence is not competent'to support the case made in the petition and answer of Coe. It is of course plain that these deeds could not be made to secure a note which was not executed for nine months afterwards, and, as the petition alleges, and Coe’s answer admits, it was for money loaned to Coe at the time of its execution. Such evidence does not support the averment of the petition but is absolutely inconsistent with it and Coe’s admission. But not only does evidence that this note was given in renewal of another note not support the averment that it was for money loaned at the time of its. execution, but the evidence offered upon that point is that it was not for money loaned to .Coe at all, but that this note was given to cover an indebtedness of one Young, which had been assumed by Coe. Such evidence is inconsistent with the case made in the pleadings, and if it was desired to make such a case it should have been pleaded so that an opportunity might have been afforded to defendant Lucy P. Hendrickson to meet it. She might well rely upon averments of the petition and the answer of Coe to show that these deeds could not have been given to secure a note given for money loaned him in May, 1900, as is alleged in the petition and admitted by Coe, when the deeds were executed in August of 1899. There was no application made for leave to amend, and I find that this evidence is not competent upon any principle.
*153 Another very suggestive fact is that the consideration named in the deed is just the amount which was necessary to pay the indebtedness of Ramlow and Straight, which the proof clearly shows was paid at the date of the execution of these deeds. Accepting the averment of the petition and the admission of Coe’s answer that this note was for money loaned in the year 1900 would fully explain the reason for there being no recital in the deeds of any such consideration. Then there is another fact which seems to militate against the claim that these deeds were to secure this note, and it is also to be found in the pleadings as well as in the evidence. Coe’s answer states that the reason of the execution of the deeds was to “save said surety harmless on account thereof, and also for the further reason that because of the fact that said E. L. Hendrickson had been the agent of the plaintiff herein, through whom this defendant secured said money, said Hendrickson demanded that plaintiff herein be secured,” etc.
But this is inconsistent with the evidence given bj Coe that this note was given to cover his assumption of an old indebtedness of Young to Mrs. Thomas.
According to Coe’s testimony Hendrickson had nothing to do with securing the money which this note represented, as it was money loaned to Young and was never loaned to him — Coe—at all. , . .
Mr. Castle also testified about Hendrickson’s contention that he was instrumental in getting the money. The ■ only money Hendrickson was instrumental in getting was the money to pay Ramlow and Straight, and if that is what he was asking to have secured, how can it be true that these deeds were given to secure money, which he never obtained for Coe or any person else so far as the evidence shows — at least the money according to Coe’s story was never loaned to him.
I find therefore that the evidence is not sufficient to establish the plaintiff’s claim that these deeds were executed in trust to secure this note, which in such cases must be'clear and conclusive and beyond a reasonable doubt, as is announced by the courts frequently, requiring the same degree of evidence as is *154 required, in criminal cases, to ingraft a parol trust upon a deed absolute upon its face. Tbe evidence of Mrs. Hendrickson, together with the recital in the deeds, preponderates over the denial of Coe unsupported, and this is the only competent evidence upon that question as I have already pointed out, as Mr. Castle and Mr. Huggins know only what some person said about who furnished the money — that is, it is only hearsay with them. The deeds are in effect a mortgage securing the claim of Mrs. Hendrickson.
G. F. Castle, for plaintiffs.
G. J. Marriott and ~W. H. Jones», for defendants.
I have given much consideration to this case and have considered it from every possible standpoint, and while the evidence is unsatisfactory and confusing it seems to me that this is the only conclusion which can be logically arrived at, keeping in mind the kind of proof required to establish a parol trust, to ingraft a parol trust upon a deed absolute as is sought here in this case.
The plaintiff is entitled to a judgment for the amount of the note sued on, with interest, but the proof fails to establish the trust set up in the second cause of action.
The defendant, Mrs. Hendrickson, is not asking any affirmative relief. She is entitled to recover her costs, which may be assessed against the plaintiffs and Coe in equal proportions.